1

2 **FILED**

3 NOV 2 2 2006

4 RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,　　　　No　　C 06-3720
CR 05-0665 VRW
12 　　　　　　Plaintiff,

13 　　　v　　　　　　　　　　　ORDER

14 LUIS PEREZ-GONZALEZ,

15 　　　　　　Defendant.

16 _____/

17

18 　　　Defendant Luis Perez-Gonzalez ("defendant") has filed a

19 motion attacking his sentence under 28 USC § 2255 claiming

20 ineffective assistance of counsel.  CR Doc #28-31.

21

22 　　　　　　　　　　I

23 　　　Pursuant to a plea agreement with the government, on

24 February 28, 2006, defendant pled guilty to two counts of illegal

25 entry into the United States, in violation of 8 USC § 1325(a).  Doc

26 #23.  In the agreement, defendant admitted being a citizen of

27 Mexico and not of the United States and entering the United States

28 illegally, having previously committed the same offense.  Doc #23.

Copies to AWA
& DFPD

1  He agreed, <u>inter alia</u>, that section 2L1.2 of the Sentencing
2  Guidelines applied to count two and that he would not "file any
3  collateral attack on my convictions or sentence, including a
4  petition under 28 USC § 2255, at any time in the future after I am
5  sentenced, except for a claim that my constitutional right to the
6  effective assistance of counsel was violated." Id.

7          On March 8, 2006, judgment was entered against the
8  defendant. Doc #25. He was sentenced to a thirty-month term of
9  imprisonment followed by one year of supervised release. Id.

10         Defendant first contacted the court by letter filed May
11  31, 2006 and sent a second letter further elaborating the grounds
12  for his motion that was filed June 12, 2006. Defendant's motion
13  rests on an argument that he received ineffective assistance of
14  counsel in connection with his decision to enter a guilty plea. Id.

16                                    II

17         Rule 4(b) of the Rules Governing Section 2255 Proceedings
18  For The United States District Courts provides for dismissal only
19  "if it plainly appears from the motion, any attached exhibits, and
20  the record of prior proceedings that the moving party is not
21  entitled to relief." This is not such a case. Therefore, the court
22  is required to order the United States attorney to file a response
23  to the § 2255 motion. Id.

24         Where a defendant is represented by counsel during the
25  plea process and enters his plea upon the advice of counsel, the
26  voluntariness of the plea depends on whether counsel's advice was
27  "within the range of competence demanded of attorneys in criminal
28  cases." <u>Hill v Lockhart</u>, 474 US 52, 56 (1985). A challenge to a

United States District Court
For the Northern District of California

                                    2

1  guilty plea based on a claim of ineffective assistance of counsel is
2  analyzed using a two-part test:  (1) the defendant must show that
3  his counsel's performance was deficient and (2) the deficient
4  performance prejudiced his defense.  United States v Rios-Ortiz, 830
5  F2d 1067, 1069-1070 (9th Cir 1987).  To show deficient performance,
6  the defendant must show that the counsel's representation fell below
7  an objective standard of reasonableness.  See United States v
8  Rubalcaba, 811 F2d 491, 494 (9th Cir 1986), cert denied, 484 US 832
9  (1987).  The behavior complained of must fall below prevailing
10 professional norms.  United States v McMullen, 98 F3d 1155, 1158
11 (9th Cir 1996).  The defendant must overcome the presumption that
12 the challenged action might be considered sound trial strategy.
13 Strickland v Washington, 466 US 668, 689 (1984).

15                                  III

16         The clerk is directed to serve the instant motion (Doc ##
17 28-31) on the United States attorney, who shall file and serve a
18 response within thirty (30) days of this order.  The clerk shall
19 also serve the federal public defender, who may also serve and file
20 a response on or before the same date.  If defendant wishes to
21 reply, he shall do so within ten days of receiving the response from
22 the United States attorney.

24         IT IS SO ORDERED.

                                    VAUGHN R WALKER
                                    United States District Chief Judge

28

                                     3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

Luis Perez-Gonzalez,

Defendant.
_____/

Case Number C06-3720 VRW
Case Number: CR05-00665 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 22, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Josh Alan Cohen
Office of the Public Defender
450 Golden Gate Avenue
19th floor
San Francisco, CA 94102

Nahla Rajan
Office of the U.S. Attorney
450 Golden Gate Ave.
Invalid email address as of 10/16/06
San Francisco, CA 94102

Dated: November 22, 2006

Richard W. Wieking, Clerk
By: Cora Delfin, Deputy Clerk